S. LANE TUCKER
United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER HENRY BOYER,<br><br>    Defendant. | No. 3:24-cr-00092-SLG-MMS |

## MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The victim in this case bought a car that had belonged to the defendant. Feeling that the victim had stolen it, the defendant stalked her, shot her, retook the car, and induced her not to appear at a state grand jury. Based on the significant danger he poses to the community, his manifest willingness to obstruct court proceedings, and his powerful incentive to flee, his pretrial detention s appropriate.

This memorandum is intended as a proffer of the aspects of the case against Boyer that are relevant to the Court's detention analys. See *United States v. Winsor*, 785 F.2d 755,

756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay.").

**FACTS**

Boyer owned a 2011 Nissan Rogue. In late 2023, Boyer's girlfriend sold the car, apparently without his knowledge. That buyer then sold it to the victim in this case and her boyfriend.

Boyer believed that the car had been stolen and began trying to track it down. Learning that it was in the victim's possession, he found her foster parents on social media and sent them a message:

> your daughter [Victim's name] is in possession of a stolen car belonging to me. She stole it last night. It is a 2011 light silver Nissan rogue. It is in everyone's best interest that I get it back immediately, before things get bad.

Two days later, as the victim was getting into the car to outside of a house in Wasilla, the defendant pulled up next to her in his tow truck. He restrained her at gun point, demanded the car, and shot the victim in the leg before driving off in the vehicle.

Boyer was arrested by state authorities for this crime. Before the case could be presented to a grand jury, he induced the victim to leave Alaska rather than testifying.

**ARGUMENT**

The government is entitled to a detention hearing because Boyer is charged with a crime of violence (Count 1) and an offense punishable by life imprisonment (Count 2). 18 U.S.C. § 3142(f)(1)(A) and (B).

Moreover, because Boyer is charged with violating 18 U.S.C. § 924(c), the Court begins its analysis by presuming that no condition or combination of conditions will

U.S. v. Boyer
3:24-cr-00092-SLG-MMS

Page 2 of 5
Case 3:24-cr-00092-TMB-MMS   Document 3   Filed 08/26/24   Page 2 of 5

reasonably ensure Boyer's appearance at trial or the safety of the community. 18 U.S.C. § 3142(e)(3)(B). Even if Boyer does rebut this presumption, it "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in [18 U.S.C.] § 3142(g).'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Considering the statutory factors, Boyer's pretrial detention is warranted based primarily on the risks that his release would pose to the community, both in terms of the commission of additional serious crimes and a risk of illegal and obstructive conduct in this specific case. In light of Boyer's significant exposure, release would also create a significant risk of flight.

**1. The nature and circumstances of the offense charged**

Boyer's conduct was not the product of a sudden impulse or isolated poor judgment. He began and executed a calculated and careful plan to locate the victim, armed himself, and shot her without provocation or justification. He then continued to attempt to obstruct justice by interfering with her appearance before a grand jury.

Boyer's deliberate choice to both engage in aggravated criminal conduct and attempt to escape accountability for it suggests a clear willingness to disregard the law, to disobey court orders, and to endanger other members of the community. This weighs heavily in favor of pretrial detention.

//

## 2. The weight of the evidence against the person

Although the least important factor, the evidence of Boyer's guilt is strong. He telegraphed his intentions to the victim's family on Facebook. The victim identified him from a lineup, and her blood was still in the car when it was recovered by law enforcement:



Boyer further demonstrated his guilt by his obstructive post-offense conduct, for which he was convicted of felony interference with official proceedings.

## 3. The history and characteristics of the person

Boyer has a history of serious criminal conduct which further weighs against release.

In 2018, Boyer engaged in indecent exposure in front of multiple child victims at an Alaska Club. In 2021, he participated in a large commercial burglary that resulted in the

theft of hundreds of thousands of dollars' worth of property. (Boyer has been convicted of both of these crimes.) When coupled with his conduct in this case, Boyer has shown a consistent and persistent refusal to conform his behavior to the requirements of the law.

**CONCLUSION**

Boyer's behavior demonstrates that there is no condition or combination of conditions that will reasonably the safety of the victim and the community. And his substantial exposure and high likelihood of conviction gives him a strong incentive to flee. Accordingly, the Court should order that he be detained pending trial.

RESPECTFULLY SUBMITTED August 26, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s James Klugman